UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RÉMY COINTREAU USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAMINA PACKAGING INNOVATIONS, LLC,<br><br>Defendant. | Civil Action No. 13-cv-2558 |

## MOTION TO STAY PURSUANT TO 28 U.S.C. § 1659

Plaintiff Rémy Cointreau USA, Inc. ("Rémy") respectfully requests that the Court stay this action because it is duplicative of a co-pending International Trade Commission ("ITC") proceeding and therefore subject to the mandatory stay provisions of 28 U.S.C. § 1659. Under 28 U.S.C. §1659(a), a stay of the proceedings related to the patents-in-suit is mandatory upon the request of the Plaintiff Rémy, as a named ITC respondent in *Certain Products Having Laminated Packaging, Laminated Packaging, and Components Thereof,* Investigation No. 337-TA-874, because the proceedings in this case involve the same issues as the concurrent proceeding in the ITC.

### ARGUMENT

Rémy seeks a mandatory stay pursuant to 28 U.S.C. § 1659, which provides:

> In a civil action involving the parties to a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court *shall* stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within -
> (1) 30 days after the party is named as a respondent in the

> proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a) (emphasis added).

Section 1659 was enacted "to address the unfairness of requiring importers and producers to 'defend claims in both the Commission and in district court, possibly at the same time, whereas infringement claims against domestic goods can be heard only in district court.'" *SanDisk Corp. v. Phison Elec. Corp.*, 538 F.Supp.2d 1060, 1065 (W.D. Wis. 2008) (quoting H.R. Rep. No. 103–826(I) at 140). Section 1659 obligates the Court to stay claims in this action that involve the same issues that are before the Commission. These same issues "include questions of validity, infringement, and any defenses that might be raised in both proceedings." H.R. Rep. No . 103–826(I) at 141. *Accord, Saxon Innovations, LLC v. Palm, Inc.*, 2009 U.S. Dist. LEXIS 105928, *4-5 (E.D. Tex. Nov. 4, 2009). Accordingly, 28 U.S.C. § 1659(a) provides Rémy with the absolute right to stay the claims and counterclaims in this case pending the outcome of the concurrent proceedings before the ITC.

Defendant Lamina Packaging Innovations, LLC. ("Lamina") has initiated a concurrent ITC proceeding against Rémy in the matter of *Certain Products Having Laminated Packaging, Laminated Packaging, and Components Thereof*, Investigation No. 337-TA-874. This ITC proceeding involves the same two patents, U.S. Patent No. 6,207,242 and U.S. Patent No. 7,348,067, as the current case. Both the current action and the proceeding before the ITC concern the same alleged infringement by Rémy of these two United States patents purportedly owned by Lamina. Lamina has also initiated a federal litigation in the Eastern District of Texas, *Lamina Packaging Innovations, LLC v. Rémy Cointreau USA, Inc.*, 2:13-cv-00168-JRG, (E.D.TX.) which has already been stayed in accordance with 28 U.S.C. § 1659(a). *See* Exhibit A.

[979362-1]

According to section 1659, a request for an automatic stay must be filed by the later of (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed. 28 U.S.C. § 1659(a). As required by the statute, Rémy is filing this request for a stay within thirty days of this district court action being filed on April 17, 2013. *See* Complaint (Dkt. No. 1). By Notice of Institution of Investigation issued March 22, 2013 and published March 28, 2013 in the Federal Register, Rémy was named as a respondent in a proceeding before the International Trade Commission. *See* Exhibit B.

Where, as here, a respondent files a timely request pursuant to 28 U.S.C. § 1659(a), the Court "shall stay" the civil action until the date that "the determination of the [ITC] becomes final." 28 U.S.C. § 1659(a). *See e.g., Proxim Inc. v. 3COM Corp. et al.*, 2003 U.S. Dist. LEXIS 2556, *2 (D. Del. Feb. 21, 2003) (noting that "[g]iven the fact that [defendant] was also a respondent in an action brought before the ITC by plaintiff related to the same technologies, the court was required to stay this action pursuant to 28 U.S.C. § 1659"); *Universal Tool and Stamping Co. v. Ventra Group*, No. 1:97-CV-418, 46 U.S.P.Q. 2d 1799, 1998 U.S. Dist. LEXIS 11541, *3 (N.D. Ind. Jan. 28, 1998) ("[A] stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the [ITC] involve the same issues."). The plaintiff in a declaratory judgment action is entitled to a stay under 28 U.S.C. § 1659(a) where, as here, that plaintiff is also a respondent in an action brought before the ITC. *See, e.g., RF Micro Devices, Inc., v. Peregrine Semiconductor Corp.*, 1:12-cv-377 (M.D.N.C.) (RF Micro Devices, Inc. brought a declaratory judgment action after being named as a respondent in an ITC action brought by Peregrine; the court granted a stay under 28 U.S.C. § 1659(a)). *See* Exhibit C.

Accordingly, Rémy respectfully requests that this Court enter an Order staying this action pursuant to 28 U.S.C. § 1659(a). *See* Exhibit D.

Dated: April 19, 2013

                                      Respectfully submitted,
                                      RÉMY COINTREAU USA, INC.
                                      By its attorneys,

                                      By: _____
                                      Albert L. Jacobs, Jr.
                                      Gerard F. Diebner
                                      Alan Tenenbaum
                                      John Murray
                                      Tannenbaum Helpern Syracuse & Hirschtritt LLP
                                      900 Third Avenue
                                      New York, New York 10022
                                      (212) 508-6700

[979362-1]